No. 3920

Second Circuit
(Second Division)

LYONS v. RAYSON

(November 18, 1931. Opinion and Decree.)

Lyons & Prentiss, of Shreveport, attorneys for plaintiff, appellee.

R. D. Fuller, of Shreveport, attorney for defendant, appellant.

STEPHENS, J. The plaintiff sues for damages in the sum of $2,000 for personal injury, and for the recovery of $50 expended for medical attention.

The plaintiff alleges that on August 18, 1929, at about 10 o'clock in the morning, he was riding in an automobile as an invited guest of Dr. Leroy H. Scott. The automobile was being driven by Dr. Scott in a westerly direction along the Shreveport-Greenwood road, on the right-hand side thereof and at a moderate rate of

speed; that an automobile owned and operated at the time by the defendant was traveling in the same direction and attempted to pass the automobile in which plaintiff was riding, and in doing so swerved in front of and struck its left front wheel, causing it to swerve from the road and overturn in a ditch; that the defendant was driving in a grossly negligent manner, and at an excessive rate of speed; and that said recklessness and grossly negligent rate of speed on the part of the defendant was the proximate cause of the accident. That as a result of the accident plaintiff sustained injury to his back in the sacroiliac region, and to his head, neck and ear; that he was confined to his bed for a period of sixty days, and during a part of that time was under the care of a physician.

The defendant answered denying generally the allegations of the plaintiff's petition. The district judge rendered judgment in favor of the plaintiff in the sum of $350 for the personal injury sustained, and $50. for doctors' bills, with legal interest on said sums from judicial demand. From the judgment rendered defendant appeals.

From a careful reading of the evidence, we have concluded the district court has correctly disposed of the case. The evidence supports the contention of the plaintiff that the accident was caused solely by the negligent driving of the defendant, and the damages awarded by the district judge appear to us to be conservative and to represent a fair remuneration for the injury sustained.

Defendant has made no appearance in this court, either by brief or oral argument. It is ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.